# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| LAWRENCE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:22-cv-02814-TLP-cgc |
| v. ) | |
| ) | |
| GOLDEN HOMES SERVICES AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE FOR FAILURE TO PROSECUTE

In her Report and Recommendation ("R&R"), Magistrate Judge Charmiane Claxton recommended that this Court dismiss Plaintiff's case for failure to prosecute under Federal Rule of Civil Procedure 41(b). (ECF No. 11.) For the reasons below, this Court **ADOPTS** the R&R.

## BACKGROUND AND THE R&R

In November 2022, pro se Plaintiff Lawrence Smith sued Defendant Golden Homes Services America ("Golden Homes"). (ECF No. 1.) Under Administrative Order No. 2013-05, the Court referred the case to Judge Claxton for management of all pretrial matters. After Plaintiff filed a "Proof of Service," neither party has done anything to move the case forward. (*See* ECF No. 8.) A close look at the Proof of Service, shows that Plaintiff did not fill it out properly. As a result, on May 6, 2024, Judge Claxton entered an Order to Show Cause requiring Plaintiff to respond and explain why the case should not be dismissed. (ECF No. 9.)

The ECF System sent the Show Cause Order to Plaintiff at the email address he provided.[1] Plus the Court Clerk sent a hard copy of the Order via certified mail to Plaintiff at the physical address he provided when he sued here. (See ECF No. 10.) That envelope with the Order to Show Cause was returned to the District Court Clerk as undeliverable. (*Id*.) On October 18, 2024, Judge Claxton entered an R&R, recommending dismissal of the case with prejudice. (ECF No. 11.) Neither party objected to the R&R. The Court now turns to the legal standard and then reviews the R&R.

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters, including the involuntary dismissal of an action. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

If the parties do not object, the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Judge Claxton entered this R&R on October 18, 2024.[2] Neither party objected, and the time to do so has now passed. The Court therefore reviews the R&R for clear error.

---

[1] According to the ECF Notice of Filing receipt for the Show Cause Order (ECF No. 9), the document was emailed to larrysmi1970@gmail.com.

[2] According to the ECF Notice of Filing receipt for the R&R (ECF No. 11), the document was emailed to larrysmi1970@gmail.com.

**DISPOSITION**

Having reviewed the record, the Court finds no clear error in Judge Claxton's R&R. In fact, the Court agrees with Judge Claxton's analysis. Rule 41(b) provides for involuntary dismissal of a complaint where the plaintiff has failed to prosecute or comply with a court order. *See* Fed. R. Civ. P. 41(b). And the Supreme Court has recognized a district court's inherent power to dismiss a case for failure to prosecute. *Marchand v. Smith & Nephew*, 2013 WL 6780559, at *2 (W.D. Tenn. Dec. 19, 2013) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48 (1991)). Rule 41(b) "allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

To determine whether dismissal under Rule 41(b) is appropriate, courts consider four non-dispositive factors: 1) if the party acted willfully or in bad faith; (2) if the adverse party will be prejudiced; 3) if the party was warned that failure to respond could lead to dismissal; and 4) if less drastic sanctions were considered. *See Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 736 (6th Cir. 2008)). All in all, dismissal under Rule 41(b) is appropriate when a party exhibits a "clear record of delay," stubborn disregard for the rules of court, and "is inexcusably unprepared to prosecute the case." *Shavers*, 516 F. App'x at 570.

Judge Claxton applied these factors and recommended that the Court dismiss Plaintiff's case under Rule 41(b) with prejudice. For the first factor, "[w]illfulness, bad faith, or fault is demonstrated when a plaintiff's conduct evidences either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Shavers*, 516 F. App'x at 570 (quoting *Schafer*, 529 F.3d at 737). Plaintiff here failed to pursue his claim and

then failed to respond to the Order to Show Cause. Plaintiff's failure to prosecute has thus caused multiple delays and disruptions to this Court. So the first factor favors dismissal. *See Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (holding that bad faith exists when a party delays or disrupts the litigation process).

The Court finds the second factor, prejudice to Defendant, to be a neutral factor. It is unclear whether Plaintiff ever properly named or served Defendant. But either way, Defendant made no appearance in this case, so it is hard to find any prejudice.

The third factor— notice—focuses on whether dismissal is a fair result. *Schafer*, 529 F.3d at 737 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). This factor supports dismissal here. This case sat virtually dormant for about 18 months before Judge Claxton entered the Order to Show Cause. (ECF No. 9.) And even though the Court sent the Show Cause Order via email and via certified mail, Plaintiff failed to respond. Also the R&R was emailed to him too and he failed to object. In the end, the Court tried to warned Plaintiff.

Finally, the fourth factor does not require a court to implement a lesser sanction before dismissing a case. *Shavers*, 516 F. App'x at 571 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). In fact, if a party ignores court orders and still fails to prosecute his case, dismissal is appropriate. *See Lee v. GlaxoSmithKline, LLC*, 2014 WL 691192, at *2 (W.D. Tenn. Feb. 21, 2014) (finding dismissal under Rule 41(b) appropriate when a plaintiff failed to comply with several Court orders, including a show cause order). Judge Claxton patiently waited for Plaintiff to assert his claim here and even tried to prompt a response with the Order to Show Cause. But Plaintiff failed to respond, showing continued disregard for the case. As a result, the Court agrees with Judge Claxton that any other sanction would be inadequate.

Simply put, Plaintiff's conduct here shows little, if any, intention to prosecute this case, and it would be futile to give a lesser sanction.

## CONCLUSION

The Court has reviewed Judge Claxton's R&R and finds no clear error. And so, the Court **ADOPTS** the R&R and **DISMISSES** this case **WITH PREJUDICE**.

**SO ORDERED**, this 7th day of May, 2025.

                                           s/Thomas L. Parker
                                           THOMAS L. PARKER
                                           UNITED STATES DISTRICT JUDGE